# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DERRICK D. JONES, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:04-CR-0597-RWS-GGB-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:08-CV-3249-RWS |

## **ORDER**

This matter is now before the Court for consideration of Movant Derrick D. Jones's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 104), and the government's response (Doc. 110).

## I. PROCEDURAL HISTORY

On November 8, 2005, a federal grand jury indicted Movant for: possession with intent to distribute at least five grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1)-(b)(1)(B) and 851 ("Count One"); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1)-(b)(1)(D) and 851 ("Count Two"); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three"); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) ("Count Four").

(Doc. 50). Movant filed motions to suppress evidence and statements. (Docs. 13-15). Following an evidentiary hearing at which Movant was present, this Court denied the motions to suppress. (Docs. 32, 36, 40).

Movant proceeded to trial before this Court, and, on December 9, 2005, the jury convicted him on Counts One, Two, and Four and acquitted him on Count Three. (Doc. 75). On April 12, 2006, this Court sentenced Movant to 300 months of imprisonment on Counts One and Four and 120 months of imprisonment on Count Two, all to run concurrently. (Doc. 86).

Movant appealed, arguing that: (1) the trial court erred in allowing Officer Kevin Otts to testify as a lay witness; (2) the trial court erred in denying his motions to suppress evidence seized from the hotel where he was arrested and statements made to federal agent Joel Sheppard; and (3) there was insufficient evidence to support his convictions. (Docs. 87, 102). During its review of Movant's enumerated errors, the Eleventh Circuit summarized the evidence introduced at trial as follows:

> [P]olice officers, who had a warrant authorizing [Movant's] arrest, went to an Atlanta-area hotel looking for him. Officers first went to room 306, where [Movant] had registered as a guest under a false name; but officers later found [Movant] in room 514 and arrested him.

2

> When officers found [Movant] in room 514, he was lying face down on the floor behind a couch with his hands underneath him. [Movant] struggled as officers pulled out his hands. An officer sat on [Movant's] back and handcuffed him. Officers saw a black translucent bag underneath [Movant] where his hands had been positioned. Officers brought [Movant] up so that he was kneeling; and the black bag remained on the floor in front of him. Officers opened the black bag, which contained a substance broken into chunks later determined to be crack cocaine, a handgun, and marijuana that was divided into smaller baggies.
>
> Although a witness testified that she saw [Movant] enter room 514 with only a pack of cigarettes, several officers testified that [Movant] was laying face down on top of a black bag-with his hands on or near the bag-when he was arrested. Viewing this evidence in the light most favorable to the government, . . . a reasonable jury could find [Movant] had constructive possession of the gun and narcotics found in the black bag.

(Doc. 102 at 2, 5, 9). On February 27, 2007, the Eleventh Circuit affirmed Movant's convictions and sentences. (Id. at 11). On October 9, 2007, the United States Supreme Court denied certiorari. Jones v. United States, 128 S. Ct. 373 (2007).

3

On October 8, 2008, Movant, proceeding pro se, filed[1] the instant motion to vacate his sentence, claiming that his trial counsel was ineffective for failing to: (1) allow him to testify at trial; (2) inform him of the government's plea offer; and (3) investigate the case or advise him of the strength of the government's case. (Doc. 104).

The government responds that Movant's claim that counsel did not allow him to testify is belied by the record, which reveals that the Court instructed Movant that it was his decision whether to testify, and Movant voluntarily waived that right. (Doc. 110 at 12-13). Next, the government states that an evidentiary hearing is required to determine whether counsel communicated a plea offer to Movant. (Id. at 13). Finally, the government argues that counsel investigated the case because counsel presented a mitigating witness at trial, and Movant was well aware of the strength of the government's case because he was present at the suppression hearing. (Id. at 14-15).

---

[1]Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Id.

AO 72A
(Rev.8/82)

## II. DISCUSSION

### A. General standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

### B. Standard for reviewing ineffective assistance of counsel claims

5

The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one." Id. at 697.

One asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of Strickland." Finch v. Vaughn, 67 F.3d 909, 916 (11th Cir. 1995).

In order to meet the second prong of Strickland, Movant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. Strickland, 466 U.S. at 694. That is, Movant "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In the context of guilty pleas, the prejudice

6

inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In other words, to show prejudice after a rejected plea, Movant "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995).

### C. **Movant's right to testify at trial**

First, Movant claims that counsel failed to advise him that the decision whether to testify was his to make, and had he known that it was his decision, he would have insisted on testifying. Where defense counsel fails to inform the defendant of his right to testify at trial and "that the ultimate decision belongs to the defendant, counsel would have neglected the vital professional responsibility of ensuring that the defendant's right to testify is protected and that any waiver of that right is knowing and voluntary." United States v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992). In that event, "defense counsel has not acted 'within the range of competence demanded of attorneys in criminal cases,' and the defendant clearly has not received reasonably effective assistance of counsel." Id. (citing Strickland, 466 U.S. at 687).

7

Here, Movant's claim is belied by the record, which reveals that he was aware that the ultimate decision whether to testify belonged to him. Specifically, this Court advised Movant that he had the right to testify or not, and, if he chose not to testify, the jury would be instructed that they could not discuss or consider his failure to testify during deliberations. (Doc. 91 at 377-78). Movant confirmed that he understood that the decision whether to testify was ultimately his to make. (Id. at 378). Movant stated that he had discussed his decision with counsel and elected not to testify. (Id.). Further, Movant does not state what his testimony would have been. Thus, Movant cannot show prejudice or that counsel was ineffective on this ground. Strickland, 466 U.S. at 690, 694.

**D.     Communication of plea offer**

Next, Movant contends that counsel failed to pursue plea negotiations and advise him of the government's plea offer. When a decision on counsel's effectiveness will require a credibility finding and the pleadings are insufficient to "establish the content of the communications between [the Movant] and his attorney," an evidentiary hearing is required. Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005). The government concedes, and this Court agrees,

that the record is insufficient to resolve this claim, and, thus, an evidentiary hearing is required.

E. **Defense investigation and strength of government's case**

Finally, Movant claims that counsel failed to investigate the case and inform him of the strength of the government's case and contends that he would have pled guilty had he known the strength of the government's case. The record, however, does not support this claim. The fact that counsel presented testimony at trial that Movant did not have the black bag containing drugs and a firearm when he entered Room 514 shows that counsel did conduct a pretrial investigation. (Doc. 91 at 352-56). Additionally, Movant was present at the suppression hearing and, thus, was well aware of the strength of the government's case prior to trial. (Docs. 32, 36). Accordingly, Movant cannot show prejudice or ineffective assistance on this ground. Strickland, 466 U.S. at 690, 694.

### III. CONCLUSION

For the foregoing reasons, this Court concludes that the record conclusively demonstrates that Movant is not entitled to 28 U.S.C. § 2255 relief as to his claims that trial counsel was ineffective for failing to advise him of his right to testify, to investigate the case, or to advise him of the strength of the government's case.

9

Thus, no evidentiary hearing is required as to those claims.  See Diaz, 930 F.2d at 834.

The Court finds, however, that it is necessary to conduct an evidentiary hearing on Movant's claim that trial counsel was ineffective for failing to inform him of the government's plea offer.

**IT IS HEREBY ORDERED** that a hearing in this matter will be held on the  1st  day of June, 2009, at 2:00 p.m. in Courtroom 2105 on the 21st Floor of the Richard B. Russell Building, Atlanta, Georgia.  The Government shall make provision to obtain Movant's and his attorney's appearance at the hearing.  The hearing will be limited to whether Movant was provided ineffective assistance of counsel as a result of trial counsel's alleged failure to inform him of the government's plea offer.

**IT IS SO ORDERED** this  5th  day of May, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)